Richard J. SCHUSTER, Individually and on behalf of all other members of the press similarly situated, Plaintiff-Appellant,

v.

District Judge Grant L. BOWEN of the Second Judicial District Court of the State of Nevada, Defendant-Appellee.

No. 72–2979.

United States Court of Appeals, Ninth Circuit.

May 10, 1974.

Jerry Carr Whitehead (argued), David R. Belding, of Breen, Young, Whitehead & Hoy, Reno, Nev., for plaintiff-appellant.

John C. Bartlett (argued), of Vargas, Bartlett & Dixon, Reno, Nev., Robert H. Walker, Oakland Cal., for defendant-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and RENFREW,* District Judge.

OPINION

DUNIWAY, Circuit Judge:

The judgment in this case does not conform to the requirements of Rule 58, Fed.R.Civ.P. Ordinarily, we would dismiss on that ground, but without prejudice to the entry of a new judgment and the filing of a new appeal. We do not do so in this case only because we have concluded that the case is moot, so that the entry of a new judgment, followed by a new appeal, would be an exercise in futility.

The case arises from a notorious murder trial in the Nevada state courts. The appellee, Judge Bowen, presided at the trial, which was divided into a guilt determining phase and a penalty phase. The jury found the defendant in the case guilty, and, at the penalty trial, imposed the death penalty. The Supreme Court of Nevada reversed the death penalty determination and the matter again came before Judge Bowen and a jury. The Supreme Court's decision caused an uproar in the community. At the outset of the death penalty retrial, and at the request of defense counsel, concurred in by the prosecutor, Judge Bowen ordered "that the names of the jurors and the alternate jurors shall not be published, and that no further reference be made

---

* The Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

to any individual juror in this particular case." He also expressed the hope that the press "would co-operate and not create any difficulties at all."

Plaintiff Schuster is the publisher of two daily papers in the county. A motion, asking Judge Bowen to rescind the order as an interference with the freedom of the press, was unsuccessful. So was a petition to the Supreme Court of Nevada. Schuster then turned to the district court, seeking injunctive or declaratory relief under 42 U.S.C. § 1983. When the complaint was filed, the trial in the state court was still in progress. Before there was any ruling, however, the trial was completed and Judge Bowen rescinded his order. District Judge Thompson denied a motion to dismiss the action as moot, and ultimately entered a declaratory judgment that Judge Bowen's order was valid.

The record does not show that Judge Bowen or any other judge of the State of Nevada has ever made a similar order. Whether he or any other judge may in the future make such an order is purely speculative. The case does not present the question whether such an order could be made in every pending case, nor is it shown that Judge Bowen, or any other Nevada judge, is likely to do so. On the contrary, the attack upon the order by Schuster, its defense by Judge Bowen, and the ruling of District Judge Thompson are all based on the facts surrounding the trial of the particular case that was before Judge Bowen. Neither in the district court nor here has Schuster argued that such an order could never be valid, regardless of the circumstances of the case. If, in a particular case in the future, a similar order should be made it would again be necessary to look at that case and its circumstances before an intelligent ruling could be made as to the validity of the order. One could readily imagine a case in which any court would be forced to conclude that a comparable order would be desirable or even essential for the protection of the jurors and their families and to assure the defendant a fair trial. We do not decide whether the case before Judge Bowen was such a case.

We conclude that when Judge Bowen rescinded his order, there was no longer a case or controversy before Judge Thompson, and that there is presently no case or controversy before this court. O'Shea v. Littleton, 1974, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (Part I) ; North Carolina v. Rice, 1971, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413. Nor, as we have shown, does it appear that the same issue is likely to recur. See United States v. W. T. Grant Co., 1953, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 ; United States v. Concentrated Phosphate Export Ass'n, Inc., 1968, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (dictum).

The case is remanded to the district court with directions to vacate the judgment and dismiss the action as moot.